IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LA CRESHA WILLIAMS,**

**Plaintiff,**

**v.**

**CITY OF MADISON, a municipal corporation, MADISON POLICE DEPARTMENT, a public entity, LT. STEVE SHELBY, chief of Madison Police Department, individually and in his official capacity, SERGEANT J.D. HARRIS, individually and in his official capacity,**

**Defendant.**                                                   **No. 09-968-DRH**

## ORDER

**HERNDON, Chief Judge:**

Before the Court are two Motions for Default Judgment and Other Relief filed by Plaintiff (Doc. 10 & 15).  Plaintiff requests that the Court enter a default judgment, presumably pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55(b)**.  While 55(b) provides the procedural vehicle for obtaining a default judgment against a party, the moving party must first seek an entry of default from the Clerk of Court against the party in default, pursuant to Rule 55(a).  In this case, as to her motion

for default judgment against Defendants Lt. Steve Shelby, Sgt. J.D. Harris, and the Madison Police Department (Doc. 10), Plaintiff has failed to *obtain* such entry of default *prior* to seeking default judgment.[1]  Plaintiff should have waited to move for a default judgment after first obtaining an Entry of Default pursuant to Rule 55(a). Therefore, the Court **STRIKES** Plaintiff's Motion for Default (Doc. 10) and **GRANTS** Plaintiff leave to re-file the motion for default judgment.

The Court also notes that neither of Plaintiff's motions for default judgment (Docs. 10 & 15) state whether she has provided notice of the entry of default and the motion as required by **LOCAL RULE 55.1(a) & (b)**.[2]  Plaintiff should include the required statement in any subsequent motion for default judgment she files in regards to Defendants Lt. Steve Shelby, Sgt. J.D. Harris, and the Madison Police Department.  In regards to her Motion for Default Judgment (Doc. 15) as to the City of Madison, the Court **ORDERS** Plaintiff to submit a supplement to her motion informing the Court as to whether she has provided the required notice to the defaulted party.  The Court **DEFERS** ruling on Plaintiff's motion until such time as

---

[1] The Court notes that Plaintiff filed her motion for default judgment at the same time she filed her motion for entry of default, prior to obtaining an entry of default from the Clerk. An entry of default was subsequently entered by the Clerk (See Doc. 11).

[2] **LOCAL RULE 55.1(a)** requires a party to certify to the Court that notice of the entry of default has been sent to the defaulting party.  Further, **LOCAL RULE 55.1(b)** requires a party to state in its motion for default judgment that it provided a copy of the motion to the defaulting party by mailing a copy to the defaulting party's last known address.  A party is also required to inform the Court that it has mailed a copy of the motion to the defaulting party's attorney, if the filing party knows or reasonably should know the identity of the defaulting party's attorney.  *See* **LOCAL RULE 55.1(b)**.

she submits the proper notice.

**IT IS SO ORDERED.**

Signed this 17th day of February, 2010.

/s/   David R Herndon

**Chief Judge
United States District Court**