IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LA CRESHA WILLIAMS,

**Plaintiff,**

**v.**

CITY OF MADISON, et al.,

**Defendant.**                                                                        No. 09-968-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court is Defendants The City of Madison, Madison Police Department, Steve Shelby, and J.D. Harris' motion to set aside entries of default (Doc. 19). Plaintiff partially opposes the motion (Doc. 20).[1] Based on the pleadings, the case law and the following, the Court **GRANTS** Defendants' motion and **DENIES as moot** Plaintiff's motion for default judgment (Doc. 15).

Plaintiff filed her Complaint on November 19, 2009 for claims pursuant to **42 U.S.C. § 1983** and state common law claims of assault and battery, excessive force, failure to train, intentional infliction of emotional distress, and spoilation of evidence (Doc. 2). The record shows that Defendants Madison Police Department, Steve Shelby, and J.D. Harris were served on January 6, 2010, and that their

---

[1] Plaintiff states in her response that she does not oppose the motion to set aside the entry of default as to J.D. Harris and Steve Shelby and agrees that the motion as to those Defendants should be granted.

responsive pleadings were due by January 27, 2010 (Doc. 6). Defendant City of Madison was served on January 19, 2010 and its responsive pleadings were due by February 9, 2010 (Doc. 8). Thereafter, Plaintiff moved for entry of Default as to both sets of Defendants arguing that she was entitled to entry of default as the Defendants had failed to plead or otherwise defend (Docs. 9 & 13). On February 2, 2010, the Clerk of the Court made an entry of default against Defendants J.D. Harris, Steve Shelby, and Madison Police Department (Doc. 11). On February 12, 2010 the Clerk of the Court made an entry of default against Defendant City of Madison (Doc. 14).

Thereafter, Plaintiff moved for a default judgment as to both sets of Defendants (Doc. 10 & 15). Plaintiff's motion for default judgment as to J.D. Harris, Steve Shelby, and Madison Police Department was subsequently stricken because it had been filed before the Clerk of Court made an entry of default (Doc. 16). On February 17, 2010, Plaintiff was also ordered to supplement her motion for default judgment as to City of Madison in order to demonstrate that Plaintiff had provided notice of the defaults and motion to the proper Defendants (*Id*.). On February 24, 2010, Plaintiff provided notice of her compliance with the Court's Order (Doc. 17).

On March 2, 2010, all Defendants filed the instant motion to set aside entries of default (Doc. 19). Defendants argue that they did not respond to the Complaint because service of the Complaint was made improperly. Defendants noted that service was not completed on J.D. Harris and Steve Shelby because the summons and Complaint was left with a police officer employed by the City of Madison and not on the Defendants. Further, as to the summons and Complaint to

the Madison police department Defendants thought that the papers had been passed on to its insurance carrier but due to a clerical oversight, the Complaint did not make it to the police chief. On March 15, 2010, Plaintiff filed a response (Doc. 20). Plaintiff agrees that the default order against J.D. Harris and Steve Shelby must be set aside because there is a question as to whether the service was adequate. Thus, the Court **GRANTS** Defendants' motion to set aside entries of default as to J.D. Harris and Steve Shelby (Doc. 19). However, Plaintiffs object to the setting aside of the default as to the other Defendants. Thus, the Court now turns to address the merits of the motion as to the remaining Defendants.

## II. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 55(c)** provides that [f]or good cause shown the court may set aside an entry of default..." "In order to vacate an entry of default the moving party must show: 1) good cause for default, 2) quick action to correct it and 3) [a] meritorious defense to plaintiff's complaint." ***Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994).** The test for setting aside an entry of default is the same as the test for setting aside a default judgment, but it is applied more liberally. ***United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).**

The Seventh Circuit has noted many times that a default judgment is a harsh sanction that ought to be used sparingly. ***C.K.S. Engineers, Inc. v. White Mouintain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)**. In addition, "[a]

default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations, or when other less drastic sanctions have proven unavailing." ***Ellingsworth v.Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981)**. Moreover, "[t]his circuit has a well-established policy favoring a trial on the merits over a default judgment." ***C.K.S. Engineers, Inc.*, 726 F.2d at 1205.**

Although the Court is aware that "courts must have at their disposal the sanction of dismissal in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not", ***Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1230 (7th Cir. 1983)**, the Court also finds that in general, in the absence of a showing of wilfulness, courts in the Seventh Circuit are more likely than not to set aside an entry of default or even to vacate a default judgment. ***See e.g. Sims v. EGA Products, Inc.*, 475 F.3d 865, 869 (finding that district court judge did not abuse his discretion in "concluding that entry of default would be overkill"); *Sun v. The Board of Trustees of the University of Illinois*, 473 F.3d 799, 81 (7th Cir. 2007) ("Although a district court has the default judgment 'readily available within its arsenal of sanctions,' it is a weapon of last resort, appropriate only when a party wilfully disregards pending litigation." (internal citations omitted)); *Bieganek v. Taylor*, 801 F.2d 879 (7th Cir. 1986) (overturning district court's decision refusing to vacate default judgment based on a lack of evidence that defendant deliberately and wilfully disregarded the court's orders); *Bluegrass Marine, Inc. v. Galena Road Gravel, Inc.*, 211 F.R.D.**

**356 (S.D.Ill., 2002) (finding that although defendant made only a weak showing of good cause, he had acted quickly and had a meritorious defense)**. "In many ordinary cases resulting in default judgments, the defaulted parties were given various chances and warned; but, when they persisted in being unresponsive, they were then properly defaulted. The present case is not such a clear example of continuing disregard for the litigation." ***Bieganek*, 801 F.2d at 882.** "When it appears, as here, that there is a genuine dispute concerning material facts, it weighs in favor of a trial to decide those factual disputes in preference to judgment by default in which facts cannot be disputed and decided." ***Id***. Furthermore, the Court has the power to act in the interest of justice. ***Judson Atkinson Candies, Inc. v. Latini -Hoberger Dhimantec*, 529 F.3d 371, 385-86 (7th Cir. 2008)**.

Defendants argue that they have met all three elements to set aside the entry of default. The Court agrees. Defendants argue that the have met the "good cause" standard because they believed that the summons and Complaint had been forwarded to the insurance carrier and that it was handling the responsive pleading. However, due to a mistake on the Defendant's part (the documents were left with a part time clerk who didn't understand the significance of the documents and did not turn them over to the police chief) the documents were not transferred to the insurance company. Clearly, this is not a situation where Defendants have willfully avoided defending this suit; instead, Defendants failure to respond was due to an oversight. Defendants also acted quickly to correct the error. As soon as they were

provided notice of the entry of default and pending motion for default judgment, they filed the instant motion to vacate that judgment. Their response took place within less than a week of receiving notice. Further, there is a "well established policy favoring a trial on the merits over a default judgment." ***North Central Illinois Laborers' District Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 167 (7th Cir. 1988)**. Lastly, the Court finds that Defendants have stated several meritorious defenses. Thus, the Court finds that default is not warranted under these circumstances and **GRANTS** the motion to set aside the entry of default.

### III.  Conclusion

Accordingly, the Court **GRANTS** Defendants' motion to set aside entries of default (Doc. 19). The Court **VACATES** the Clerk's February 2, 2010 (Doc. 11) and February 12, 2010 (Doc. 14) entries of default. Further, the Court **DENIES as moot** Plaintiff's motion for default judgment (Doc. 15). The Court **ORDERS** Defendants to file an answer to Plaintiffs' Complaint within 20 days of the date of this Order.

**IT IS SO ORDERED.**

Signed this 23rd day of March, 2010.

/s/  *David R. Herndon*
**Chief Judge
United States District Court**